# United States District Court
## Middle District of Florida
### Orlando Division

JOSEPH COLABELLA,

               **Plaintiff,**

-vs-                               **Case No.  6:06-cv-361-Orl-31DAB**

**ATLANTIC BOAT REPAIR, INC.,
TIMOTHY MILLS, and LINDA MILLS,**

               **Defendants.**

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 18)** |
| **FILED:** | **August 15, 2006** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

      Plaintiff is suing Defendants Atlantic Boat Repair, Inc., Timothy Mills, and Linda Mills for their failure to complete repairs on his boat for which he signed a $220,000 contract.  Doc. No. 1 & Ex. A.  In addition to a breach of contract claim, Plaintiff also sought an accounting of the monies paid, and stated claims for conversion, fraud and conspiracy, and unjust enrichment.  Doc. No. 1.  **Service of Process**

      Plaintiff previously moved for final default judgment on April 26, 2006 (Doc. No. 9) which was denied without prejudice because Plaintiff had not followed the Federal Rules of Civil

Procedure and had not first sought an entry of default pursuant to Federal Rule Civil Procedure 55(a).  Doc. No. 13.  In addition, Plaintiff had not filed a memorandum of law, which in this case, was required to set forth the bases under Florida law for applying the substituted service that Plaintiff wished to have applied to the defaults sought in the case.  Doc. No. 13.  Plaintiff cured these defects with his Motion for Entry of Default.  Doc. No. 14.

Based on the returns of service filed by Plaintiff, on March 27, 2006, Linda Mills was served personally with the summons and complaint (Doc. No. 12) for purposes of the claims against her; this appears to be in order.  Linda Mills was also served with substituted service as the spouse of Defendant Timothy Mills (Doc. No. 10) and as "corporate officer" of Atlantic Boat Repair, Inc. (Doc. No. 11).

Statutes governing substituted service of process must be strictly construed.  *Wakeman v. Farish*, 356 So.2d 1323 (Fla. 4th DCA 1978).  Under federal law an individual may be served pursuant to the law of the forum state.  *See* Fed. R. Civ. P 4(e)(1).  Under Florida law, substitute service may be made on the spouse of the person to be served "if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling."  FLA. STAT. § 48.031(2)(a).  Process against a corporation may be served on the president or vice president or other head of the corporation.  FLA. STAT. § 48.081(1)(a).  The certified record from the Florida Secretary of State shows that the president and registered agent for Atlantic Boat Repair is Timothy Mills; Linda Mills is listed as vice president.  Doc. No. 14-5.  Both Linda Mills and Timothy Mills are listed as residing at the same address: 2082 Sykes Creek Drive, Merritt Island, Florida 32953.  Doc. No. 14-5; *see also* Doc. No. 14-6, Colabella Aff. ¶ 2.  It appears that substituted service of process has met the requirements of the Florida statutes.

-2-

**Facts Found on Default**

Under Florida law, a default operates as an admission of the truth of the well-pleaded allegations of the Complaint, except those concerning damages. *In re Stewart*, 280 B.R. 268, 284 (M.D. Fla. 2002); *Myers v. Myers*, 625 So.2d 1214, 1216 (Fla. 5th DCA 1995). Defaults have properly been entered against the Defendants; thus, the issue of their liability is settled.

Plaintiff, a resident of Pennsylvania, is the owner of a 1995 sixty-three foot Sea Ray Sundancer (the "Vessel"). Doc. No. 1 ¶ 8. On November 13, 2003, Plaintiff's Vessel was severely damaged by fire, and Plaintiff delivered it to Florida for repair and restoration from Atlantic Boat Repair, Inc. in January 2004. *Id*. ¶¶ 9, 11. The parties contracted for the repair work, (Doc. No. 1 Ex. A; "the Contract"), which was anticipated to take approximately two months, or until March or April 2004. *Id*. at 12. Plaintiff paid Defendants a total of $220,000 in two installments. *Id*. ¶ 13. Defendants completed only a tiny fraction of the work contemplated by the Contract. *Id*. ¶ 14. Defendants' refusal and/or inability to perform the work on Plaintiff's Vessel, despite Plaintiff's full performance under the Contract, constitutes a material breach of contract. *Id*. ¶ 16.

After two years of waiting for the repairs, Plaintiff was notified in December 2005 by Defendants that the boat yard was bing sold and that he would need to remove the Vessel from the premises. Doc. No. 18-3, Colabella Aff. ¶ 3. Plaintiff made arrangements to have the Vessel delivered to a different boat yard to have the Vessel repaired and it remained unrepaired and unusable, requiring substantial work to restore it. *Id*. ¶ 4; Doc. No. 1 ¶ 17. Plaintiff's Vessel is now under repair with a different company at a different repair facility. Doc. No. 18 at 2.

Since Defendants' liability has been admitted through the defaults entered, the only issue remaining for the Court to decide is the appropriate level of damages. Plaintiff has waived his right

to jury trial on the issue of damages.  Doc. No. 18 at 2.  According to invoices and estimates received by Plaintiff after January of 2006, it will cost approximately $178,000 to repair and restore his Vessel to the level for which he contracted with Atlantic Boat Repair, Inc. under the Contract. Doc. No. 18-3 ¶ 6; Doc. No. 18-4 (copies of invoices, estimates, and summary).  Plaintiff appears entitled to compensatory damages against Atlantic Boat Repair for $178,000 on his breach of contract.  He also appears entitled to damages against Timothy Mills and Linda Mills for three times the compensatory damages amount (of $178,000), for damages of $534,000 on his claims of conspiracy to commit fraud and fraud; or in the alternative, for disgorgement of $220,000 on claims of conversion and unjust enrichment.  Doc. No. 18 at 3, 8-9.

It is respectfully **RECOMMENDED** that Plaintiff be **GRANTED** a default judgment against Atlantic Boat Repair, Inc. in the amount of $178,000 for breach of contract; against Timothy Mills and against Linda Mills in the amount of $534,000 as damages for fraud and retention of property.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

-4-

Unrepresented Party
Courtroom Deputy